UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZBOX GLOBAL, LLC,

      Plaintiff,

v.

TRACTOR PARTS AND ACCESSORIES, LLC and
RELIABLE AFTERMARKET PARTS, INC.,

      Defendants.

_____ /

Case No. 23-11708

F. Kay Behm
United States District Judge

## ORDER APPOINTING CHRISTOPHER G. DARROW AS SPECIAL MASTER

On June 25, 2025, the court notified the parties in writing of its desire to appoint Christopher G. Darrow as a Special Master in this case.[1]  (ECF No. 24). Any objection to his appointment was to be filed by July 9, 2025; none has been filed.  Having reviewed the case filings and having consulted with counsel, the court finds as follows:

1.     This case raises complex issues and pretrial matters. The court believes that a confidential adviser, similar to a judicial law clerk, with expertise in

---

[1] Mr. Darrow has been previously appointed as a special master, discovery master, and/or mediator by judges in this district. Besides being an engineer, he is a patent attorney and founder of the law firm Darrow Mustafa P.C. He previously served as a law clerk to a federal judge in this district. A copy of Mr. Darrow's curriculum vitae and the list of cases in which he has assisted judges can be found at www.darrowmustafa.com/christopher-g-darrow. Mr. Darrow believes that he does not have any conflicts of interest.

intellectual property law and an engineering background would provide significant assistance to the court in understanding the legal and technical issues raised in this case.

2.      Pursuant to the court's inherent authority and Federal Rule of Civil Procedure 53, the court appoints Christopher G. Darrow as a special master in this case. In his role as a special master, Mr. Darrow shall act only as a confidential adviser to the court, similar to a judicial law clerk. Mr. Darrow shall have no power to issue any order or make any binding decision. Mr. Darrow's duties shall include acting as a liaison between the parties and the court for scheduling matters and assisting the court in addressing such substantive and procedural questions that the parties may raise. In addition, the court may direct Mr. Darrow to meet and confer with the parties in an effort to resolve any dispute or motion, in whole or part, without formal adjudication. Mr. Darrow may also conduct settlement conferences and mediations in an attempt to settle this case.

3.      The court is authorized to have *ex parte* communications with Mr. Darrow orally and in writing. All such communications shall be confidential and not subject to disclosure or discovery. The attorneys for the parties shall not have *ex parte* communications with Mr. Darrow about the merits of any matter, except as part of settlement discussions or as part of discussions to narrow the disputed

issues related to a motion, hearing, or other dispute. The attorneys may communicate *ex parte* with Mr. Darrow regarding the scheduling of any conference or procedures to be followed. Mr. Darrow need not preserve or file any materials with the court, unless otherwise directed by the court.

4. On July 21, 2025, Mr. Darrow filed a declaration, affirming that he knows of no grounds for disqualification under 28 U.S.C. § 455 that would prevent him serving as special master. (ECF No. 29).

5.     Taking into account all of the factors and requirements set forth in Federal Rule of Civil Procedure 53(g), the court determines that Mr. Darrow shall be compensated at a discounted rate of $300 per hour for his time and be reimbursed for all reasonable expenses. One-half of Mr. Darrow's fees and expenses shall be paid by Plaintiff and one-half shall be paid by Defendants, subject to eventual shifting if deemed appropriate by the court. Mr. Darrow will invoice the parties generally monthly, and the parties shall pay Mr. Darrow's invoice within 30 days of receiving his invoice.

**SO ORDERED.**

Date: July 21, 2025                     s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge